

**FILED**
April 21, 2022 04:44 PM
SX-2019-CR-00034
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) | CASE NO. SX-2019-CR-00034 |
| | ) | |
| Plaintiff, | ) | POSSESSION OF A |
| | ) | DANGEROUS WEAPON |
| | ) | DURING A CRIME OF |
| vs. | ) | VIOLENCE |
| | ) | |
| | ) | |
| KHARY WILLIAMS | ) | ASSAULT IN THE THIRD |
| | ) | DEGREE |
| Defendant. | ) | |
| | ) | |

Cite as 2022 VI Super 43U

## <u>MEMORANDUM OPINION</u>

**¶1** **THIS MATTER** is before the Court on Defendant's Motion to Dismiss, filed June 2, 2020. The People of the Virgin Islands (the "People") filed an Opposition to Motion to Dismiss, on July 2, 2020. The defendant filed Defendant's Reply to Opposition to Motion to Dismiss, on July 15, 2020. For the reasons set forth herein, the motion will be denied.

### BACKGROUND

**¶2** The defendant, Khary Williams ("Williams" or "Defendant"), is charged with third degree assault and possession of a dangerous weapon during a crime of violence. The People allege that Williams engaged in an altercation with, and ultimately stabbed, the alleged victim on January 14, 2019, in Christiansted, St. Croix, U.S. Virgin Islands. Williams was arrested on February 8, 2019, had his initial hearing on February 11, 2019, and was arraigned on February 27, 2019.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 2 of 12

Cite as 2022 VI Super 43U

¶3      Williams argues that the charges against him should be dismissed for violation of his Sixth Amendment right to speedy trial. He asserts that the government has failed to provide requested discovery for fourteen (14) months (as of the date the motion was filed) and that he has been prejudiced by the delay. The People argue that Williams also contributed to the delay by requesting the matter be moved to a different venue, and thereafter the Court did not set a trial date. The People also argue that they were never made aware that Williams was missing pertinent evidence.

## LEGAL STANDARD

¶4      The Sixth Amendment to the U.S. Constitution, applicable to the U.S. Virgin Islands through § 3 of the Revised Organic Act of 1954,[1] guarantees the right to a speedy trial. U.S. CONST. amend. VI.

¶5      To determine whether a defendant's speedy trial right has been violated, the Court balances four factors: (1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Carty v. People of the Virgin Islands*, 56 V.I. 345, 364 (V.I. 2012) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). A delay must be significantly lengthy to trigger a *Barker* analysis, and a "longer delay is more 'presumptively prejudicial' to the rights of the defendant." *Francis v. People*, 63 V.I. 724, 748 (2015) (quoting *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)). "[N]o one factor is 'a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *Gov't of the Virgin Islands v. Richardson*, 51 V.I. 449, 458-59 (D.V.I. 2009) (quoting *Barker*, 407 U.S. at 533). However, the Virgin Islands Supreme Court has held that the fourth factor, prejudice to the defendant, is the most important

---

[1] Revised Organic Act of 1954 is codified at 48 U.S.C. §§ 1541-1645 and *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 861 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1).

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 3 of 12

Cite as 2022 VI Super 43U

factor. *Rodriguez v. People of the Virgin Islands*, 2019 VI 19 ¶ 44; *Francis*, 63 V.I. at 746. With this in mind, the Court must balance the four factors to determine whether a defendant's speedy trial right has been violated.

## ANALYSIS

### A. The delay was sufficiently lengthy to trigger a *Barker* analysis.

¶6     As a threshold matter, the Court must determine whether the delay was sufficiently lengthy to trigger a *Barker* analysis. *Francis*, 63 V.I. at 748. The Virgin Islands Supreme Court has held that a delay over twelve (12) months is presumed sufficiently prejudicial to require evaluation of the remaining three *Barker* factors. *Carty*, 56 V.I. at 365. The speedy trial clock begins to run "from the date of arrest or indictment, whichever is earlier." *People of the Virgin Islands v. Rivera*, 54 V.I. 116, 127 (V.I. Super. Ct. 2010) (hereinafter "*Rivera I*") (quoting *United States v. Battis*, 589 F.3d 673, 768 (3d Cir. 2009)).

¶7     Williams was arrested pursuant to warrant[2] on February 8, 2019. Although Williams was released on his personal recognizance as of the date of his initial hearing,[3] this matter has been pending for over three years. Therefore, the delay is sufficiently lengthy to trigger a full *Barker* analysis.

### B. Both parties' actions contributed to the reasons for delay.

¶8     Under the second *Barker* factor, the Court seeks to determine which party is responsible for the delay and why. *Rodriguez*, 2019 VI 19 at ¶ 26 (citing *Rivera v. People*, 64 V.I. 540, 582 (V.I. 2016) (hereinafter "*Rivera II*"); *Francis*, 63 V.I. at 748). Pretrial delay is often "inevitable

---

[2] The warrant for Williams's arrest was supported by a probable cause affidavit attested and signed by Virgin Islands Police Officer Jeffrey Nisbett, who was then-assigned to School Security Bureau for the District of St. Croix.

[3] On February 11, 2019, Williams was released on his own recognizance with certain conditions.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion — Motion to Dismiss
Page 4 of 12

Cite as 2022 VI Super 43U

and wholly justifiable," *Doggett*, 505 U.S. at 656, but the People ultimately bear the burden of justifying delays. *Rodriguez*, 2019 VI 19 at ¶ 26; *Battis*, 589 F.3d at 679 (quoting *Barker*, 407 U.S. at 527 (the "'ultimate responsibility must rest with the government,' since it is the [g]overnment's duty to bring a defendant to trial")).

¶9      Each reason for a delay is assigned a corresponding weight in favor of or against the speedy trial claim and then balanced against one another. *Rodriguez*, 2019 VI 19 at ¶ 26 (citing *Barker*, 407 U.S. at 531). Delays caused by the defendant weigh against granting the motion to dismiss, while delays caused by the People weigh in favor of dismissal. *Id.* An unexplained delay should be weighed against the People, in favor of dismissal. *Id.* An action by the People can range from being done with "reasonable diligence" to being done in "bad faith," with negligent action falling between the two. *People v. Morton*, No. ST-2010-CR-00164, 2018 WL 4348336, at *2 (V.I. Super. Ct. Jan. 12, 2018) (citing *Doggett*, 505 U.S. at 656). If the People have exercised reasonable diligence in their prosecution, a speedy trial claim will fail, regardless of the length of the delay, as long as there has been no identifiable prejudice to the defendant. *Id.* (citing *Doggett*, 505 U.S. at 656; *United States v. Velazquez*, 748 F.3d 161, 175 (3d Cir. 2014)). However, if the People caused delay in bad faith, the requested relief is almost automatic. *Id.* (citing *Velazquez*, 749 F.3d at 175).

¶10     Williams argues that because this matter has been delayed, absent a good faith reason for the delay, it must be dismissed with prejudice. The People respond that it is the Court's job to set trial dates, which it has not done, and a large reason for the delay was the transfer of the matter from the District of St. Croix due to conflicts of interest. The Court will now assess each delay or

subset of delays to determine whether it weighs in favor of or against granting the motion to dismiss.

### (a) Administrative and Court Delays

¶11    Defendant was arrested on February 8, 2019. Three months later, on May 6, 2019, Williams filed a motion for change of venue in the interest of justice, arguing that because the alleged victim is the son of a judge in the District of St. Croix, the matter must be transferred to the District of St. Thomas and St. John. The matter was first assigned to Honorable Judge Douglas A. Brady who recused himself on May 15, 2019. The matter was reassigned to Honorable Judge Harold W.L. Willocks,[4] and he recused himself on May 22, 2019. The matter was next assigned to Honorable Judge Jomo Meade on May 28, 2019, and he recused himself on May 29, 2019. The Defendant then renewed his motion for change of venue on June 3, 2019. The Clerk of the Court transferred the matter to the District of St. Thomas and St. John on June 5, 2019. The matter was assigned to Honorable Judge Renée Gumbs Carty on June 16, 2019, however she recused herself on November 13, 2019. The matter was reassigned to Honorable Judge Michael C. Dunston on or around February 6, 2020. At that time Judge Dunston, though retired, was serving as a Senior Sitting Judge. In January 2021, Honorable Judge Sigrid M. Tejo succeeded Judge Dunston and his cases were automatically assigned to her. Judge Tejo recused herself on April 21, 2021, and the matter was reassigned to the undersigned judicial officer on June 7, 2021.

¶12    These administrative recusals and reassignments caused a delay of more than two years. The delays include the transfer of venue in the interest of justice, the retirement and succession of a Superior Court judge, and multiple recusals in the interest of justice, all of which are reasonable

---

[4] Notably, Hon. Harold W.L. Willocks is the father of the alleged victim.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 6 of 12

Cite as 2022 VI Super 43U

and justified causes for delay. There is no indication that the People have prosecuted this matter without reasonable diligence, and delays caused by the trial court are "generally not weighed *heavily* against the prosecution". *Morton*, 2018 WL 4348336, at \*7 (citing *Rivera I*, 54 V.I. at 129) (emphasis added). However, given that the delays were significantly lengthy, and it is the People's responsibility to bring a defendant to trial, *Barker*, 407 U.S. at 527, the Court will weigh the administrative delays slightly against the People, in favor of dismissal.

### (b) Discovery Delays

¶13 On February 27, 2019, Williams was arraigned, and a scheduling order was entered. It ordered the People to provide initial discovery within twenty-one (21) days of arraignment, scheduled a discovery conference for May 22, 2019, and scheduled jury selection for October 7, 2019. On March 7, 2019, the People timely served Williams with discovery. On May 6, 2019, Williams filed a notice of a supplemental discovery request for fifteen (15) items listed in a letter[5] attached to the motion and a demand for personnel and internal affairs records of Officer Jeffrey Nisbett.[6] On May 20, 2019, Williams filed two motions: one to compel discovery of the supplemental items and another to compel personnel records and internal affairs files of Officer Nisbett. On July 30, 2019, the People filed a supplemental response to discovery request, providing Williams only with Officer Nisbett's employee history. On September 12, 2019, Williams filed a motion to deem conceded his motion to compel discovery and motion to compel personnel records and internal affairs files of Officer Nisbett. The People did not respond. On February 6, 2020, Judge Dunston ordered the People respond to Williams's motions or provide the court with copies

---

[5] *See* Letter from Kye Walker, Esq. to Assistant Attorney General Eric Chancellor dated May 6, 2019.
[6] At the time of the alleged incident, Officer Nisbett was employed by the Virgin Islands Police Department, assigned to the School Security Bureau. Officer Nisbett was present at the scene of the alleged incident, and submitted a probable cause affidavit on January 22, 2019, detailing the facts of the incident.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 7 of 12

Cite as 2022 VI Super 43U

of the previously filed responses by March 6, 2020 and scheduled a motions hearing for May 25, 2020.

¶14 Williams argues that the absence of any good faith reason for these delays requires dismissal. Williams states that in his May 6, 2019 letter to the People, he raised the inadequacy of the initial discovery provided, and requested fifteen additional items in his supplemental discovery request.[7] Williams further contends that his motion to compel, filed May 20, 2019, reiterated the inadequacy of discovery, and the People still had not responded to the supplemental discovery request nor provided the requested discovery. Williams argues that the People ignored both motions as well as the February 2020 order directing the People to respond to the motion by March 6, 2020.[8] In all, Williams argues that the People's failure to provide adequate discovery has significantly inhibited his ability to prepare for trial. The People counter that they were unaware Williams never received or was unable to access the requested surveillance videos (one of the items listed in the May 6, 2019 letter), and the People provided internal affairs' records on Officer Nesbitt on July 30, 2019, which Williams never indicated was inadequate. The People contend they have tendered all requested discovery to Defendant.

¶15 A "deliberate attempt to delay trial in order to hamper the defense weighs heavily against the prosecution, but a more neutral reason such as negligence or overcrowded courts weighs less heavily." *Rodriguez*, 2019 VI 19 at ¶ 26 (citing *United States v. Loud Hawk*, 474 U.S. 302, 315 (1986); *Barker*, 407 U.S. at 531; *United States v. Frye*, 489 F.3d 201, 210 (5th Cir. 2007)). Ultimately the prosecution "bears the burden to justify the delay." *Id.* It is unclear whether the

---

[7] *See* Letter from Kye Walker, Esq. to Assistant Attorney General Eric Chancellor dated May 6, 2019, at ¶ 1 Re: Surveillance Footage.
[8] *See* Order dated Feb. 6, 2020, signed by Hon. Michael C. Dunston.

People were acting with reasonable diligence in providing discovery materials in this matter. Although the People did provide Williams with Officer Nisbett's employee history on July 30, 2019, they do not offer justification for failing to provide either the full supplemental discovery that Williams requested or the response to Williams's motions ordered by Judge Dunston. However, the Court finds no indication of bad faith in the People's preparation and provision of discovery. Nevertheless, because Williams claims that, as of the date of the filing of the motion to dismiss, he still had not received the requested supplemental discovery,[9] the Court finds that People have not handled the matter as expeditiously as was possible. At a minimum, the People's delay amounts to negligent prosecution and is contrary to the speedy trial guarantee. Therefore, this delay will weigh slightly against the People and in favor of dismissal.

### (c) Delay Due to Covid-19-Related Continuance

¶16   The motions hearing scheduled by Judge Dunston for May 25, 2020 was ultimately continued "to a date to be determined" due to the then-new coronavirus disease 2019 ("Covid-19") pandemic. The hearing has not yet been rescheduled, as the case was twice reassigned after Judge Dunston retired. But there is also no indication that the People responded to Williams's motions as Judge Dunston ordered in his February 6, 2020 order, nor that they provided any additional discovery. Although delays due to Covid-19 are not attributed to either party,[10] the Court notes that the People have failed to respond to Williams's outstanding motions *or* provide the requested discovery. Therefore, this delay indicates the People have acted with some negligence in the

---

[9] And the docket does not reflect that the People provided any additional discovery since Defendant filed his motion to dismiss.

[10] The Virgin Islands Supreme Court promulgated numerous administrative orders regarding ongoing judicial proceedings amidst the Covid-19 pandemic, all of which include language stating that delays resulting from the pandemic "shall not be attributed to any party for purposes of determining unnecessary delay" in a speedy trial analysis.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 9 of 12

Cite as 2022 VI Super 43U

prosecution of this matter and the Court will weigh it slightly against the People and in favor of dismissal.

¶17    The timelines of the court's administrative delays, the People's discovery delays, and the Covid-19 pandemic are significantly intertwined. Because all of these delays weigh slightly against the People, in favor of dismissal, and the delays occurred concurrently throughout the over three-year waiting period, this second *Barker* factor as a whole will weigh slightly against the People and in favor of dismissal.

## C. Defendant asserted his right to speedy trial.

¶18    The third *Barker* factor asks the Court to evaluate the extent and frequency with which the defendant asserted his right to speedy trial. *See Rodriguez*, 2019 VI 19 at ¶ 42. "A defendant shows that he has asserted his right to a trial when he is represented by counsel and he can identify a motion or direct instructions to his counsel to assert that right at a time when a formal assertion of his rights would render some chance of success. . ." *Id.* (quoting *Francis*, 63 V.I. at 752; *Carty*, 56 V.I. at 366). "Repeated refer[ence] to speedy trial rights" indicates a "desire to commence trial as soon as possible." *Id.* at ¶ 43 (quoting *Rivera II*, 64 V.I. at 584).

¶19    Williams first asserted his right to a speedy trial at his arraignment on February 27, 2019. Williams formally asserted his right to speedy trial again in the instant motion to dismiss, filed June 2, 2020. Therefore, given that Williams has asserted his right on two occasions, the Court finds this factor weighs in his favor, in favor of dismissal.

## D. The Court does not identify significant prejudice against the Defendant.

¶20    The Virgin Islands Supreme Court has repeatedly said the final *Barker* factor, prejudice against the defendant caused by the delay, is the most important. *Rodriguez*, 2019 VI 19 at ¶ 44;

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 10 of 12

Cite as 2022 VI Super 43U

*Francis*, 63 V.I. at 746. To evaluate prejudice, a court considers three interests which the right to speedy trial is designed to protect: "(1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Rodriguez*, 2019 VI 19 at ¶ 44 (citing *Francis*, 63 V.I. at 753; *Carty*, 56 V.I. at 367). The defendant bears the burden of proving prejudice. *Morton*, 2018 WL 4348336, at *7 (citing *Carty*, 56 V.I. at 367; *Barker*, 407 U.S. at 532).

**¶21** Williams makes no arguments regarding prejudice, so the Court will analyze this factor with the information in the file and the parties' respective arguments on the other factors.

**¶22** The first prejudice factor details that the speedy trial right exists to prevent oppressive incarceration. In the instant matter, Williams was released on his own recognizance at his initial hearing. Therefore, Williams has not been incarcerated, and there is no indication that the period during which Williams has awaited trial has been oppressive in any way. Accordingly, the first prejudice factor does not weigh in Williams's favor.

**¶23** The second prejudice factor highlights that the speedy trial right is in place to minimize anxiety and concern of the accused. Williams alludes to some anxiety due to the failure of the People to provide adequate and requested discovery, though he does not directly address it. Absent a specific articulation of "unusual circumstances suggesting excessive anxiety and concern impacting his health or finances," this factor will not weigh in a defendant's favor. *Rodriguez*, 2019 VI 19 at ¶ 45 (quoting *Weis v. State*, 694 S.E.2d 350, 362 (Ga. 2010)). Therefore, as Williams expresses no cognizable anxieties or concerns resulting from the delays, the Court will not weigh the second prejudice factor in his favor.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 11 of 12

Cite as 2022 VI Super 43U

¶24    The third prejudice factor says that speedy trial right exists to limit the possibility that the defense will be impaired. Williams argues that the People's failure to provide the requested discovery prevented him from being able to properly prepare for his trial. He further argues that the People's failure to provide material information, respond to motions, or actively participate in litigation has placed him at a disadvantage in his ability to prepare for trial. However, Williams's statements about the missing discovery are vague, with no argument or indication about how such evidence would specifically have aided his defense. The Virgin Islands Supreme Court has stated such speculation is insufficient to show cognizable prejudice to one's defense. *See Rivera II*, 64 V.I. at 586. In addition, the trial date was not set, so Williams should have sufficient time to prepare.[11] Therefore, the Court finds no indication of any impairment to Williams's defense and does not weigh this third prejudice factor in Williams's favor.

¶25    Defendants have the burden to prove prejudice, *Morton*, 2018 WL 4348336, at *7, and this Court finds Williams has not shown sufficient basis for the Court to conclude that he has been prejudiced by the delay. The Court is not persuaded that Williams has suffered prejudice pursuant to the relevant standard adopted by the Virgin Islands Supreme Court. Therefore, this factor will weigh against Williams, and against granting the dismissal.

## CONCLUSION

¶26    This matter has been delayed for a variety of reasons but much of the delay can be attributed to the administrative delays of the Court and the Covid-19 related delays of more than two years. In addition, the People's failure to produce requested discovery contributed to the delay. The Court

---

[11] Contemporaneous with the issuance of this opinion, the Court will issue a revised scheduling order with a motions hearing and pretrial conference. Jury selection will be scheduled according to the availability of a courtroom in the District of St. Croix.

*People of the Virgin Islands v. Khary Williams*
Case No. SX-2019-CR-00034
Memorandum Opinion – Motion to Dismiss
Page 12 of 12

Cite as 2022 VI Super 43U

finds that the *Barker* factors, when weighed and balanced, do not justify dismissal. Although the delay is sufficiently lengthy, the reasons for the delay weigh only slightly in Williams's favor, and though Williams has asserted his right to speedy trial on two occasions, the most important factor—prejudice to the defendant—weighs against Williams's motion to dismiss. The Court finds no deliberate attempt by the People to delay the trial in order to hamper the defense, Williams is not in custody, and there is no cognizable prejudice to his defense. Absent a showing of actual prejudice, the motion must be denied. Accordingly, the Court will deny the motion to dismiss, but will simultaneously order the People to respond to Williams's outstanding motions and will schedule a new motions hearing and a pretrial conference under separate order.

An order consistent herewith will immediately follow.

DATED: April 21, 2022

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for
**LATOYA CAMACHO**
Court Clerk Supervisor 04/22/22